UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 19-11512-B-13
)
TEOFILO RODRIGUEZ and ) DC No. MHM-3
CHRISTY RODRIGUEZ, )
)
        Debtors. )
)

**MEMORANDUM DECISION**

**INTRODUCTION**

    Debtors, who head a household of seven, have proposed a three-year Chapter 13 Plan paying their projected disposable income for the benefit of allowed unsecured claims. The Chapter 13 Trustee objected to some of the deductions from their current monthly income and contends the Debtors are not paying enough of their projected disposable income into the Plan. The court finds this record supports the claimed expenses as reasonably necessary for the maintenance or support of the Debtors and their dependents except for the following: entertainment, childcare and children's education costs, and contributions to other family.

**PERTINENT FACTS**

    "Below median" Debtors, Teofilo and Christy Rodriguez ("Debtors"), filed this Chapter 13 case and their proposed Plan on April 15, 2019. Docs. # 1 and 2. The Plan's duration is 36 months. The Debtors propose making Plan payments of $907.00 per

month, directly pay their loan secured by their residence in Madera, and make periodic payments to purchase a 2012 Honda Accord through the Plan.[1] Allowed unsecured claims are to be paid approximately 14 percent. Debtors' list about $70,000.00 of unsecured claims—largely credit card debt.

The Debtors face unique circumstances. Docs. # 41, 46. Their household is seven persons: four adults (Debtors and Teofilo's parents) and three minor children, two of whom are teenagers of driving age.[2] Christy is a licensed Respiratory Care Practitioner and is employed by a hospital in Fresno, 23 miles away from their residence. Teofilo is completely disabled by injuries attributed largely to his military service. Though Teofilo's parents are in their sixties and still of "employment age," they each have medical issues preventing their employment. One child requires frequent vision correction due to a physical condition. All three children are active in school participating in various activities.

The Debtors live relatively modestly. They have a 2100 square foot home. They own five aging, high mileage vehicles and owe nothing on them except the Honda mentioned previously. They have exempted the value of the vehicles. They participate in a "403B" plan with a modest balance. They have exempted the equity in their home. They own a few weapons, the usual household furnishings and other exempt items.

---

[1] The car was evidently purchased less than 910 days before the filing. See 11 U.S.C.§ 1325 (a). Future references to: "sections" shall be references to the Bankruptcy Code, Federal Rules of Bankruptcy Procedure – "Rule;" Federal Rules of Civil Procedure – "Civil Rule."

[2] Reference may be made to the Debtors by their first names. That is for ease of following the narrative. No disrespect is intended.

Debtors' sources of income are Christy's salary, Teofilo's VA benefits and Teofilo's parents' Social Security Income which is contributed to the household. These add up to about $9,000 per month.

Monthly expenses are high. They include: $1,300.00 in transportation expenses and over $700.00 for utilities. Debtors also claim $150.00 for childcare, $500.00 for "entertainment," $110.00 for charitable contributions,[3] $80.00 paid to another family member, $117.00 for a storage unit, and $40.00 for Christy's continuing education and certification.[4] Total monthly expenses are approximately $8,100. The difference between these expenses and Debtors' income is about the proposed Plan payment.

## OBJECTION TO CONFIRMATION

The chapter 13 trustee ("Trustee") objects to confirmation contending the plan does not provide for all of Debtors' projected disposable income to be applied to unsecured creditors under the plan under 11 U.S.C. § 1325(b)(1)(B). Doc. #43. Trustee argues Debtors' expenses exceed the standard allowance allowed by Congress for *above median* Debtors by $1,804.06. See Schedule J, doc. #1. Trustee emphasizes nearly $1,300.00 is allotted by Debtors to transportation expenses and $700.00 is allotted to utility expenses, including home maintenance, repair, and upkeep, telephone, internet, and cable. Trustee additionally objects to other expenses on Debtors' Schedule J and asks the court to determine whether Debtors have

---

[3] The court notes that on an annual basis, that is less than allowed to be deducted to determine "disposable income". § 1325 (b)(2)(A)(ii).

[4] See Schedules I and J, doc. # 1.

3

demonstrated that those expenses are "actual" and "amounts reasonably necessary for maintenance or support of the Debtors and their dependents." Id.

Debtors responded, addressing each objection and providing evidence.[5] Docs. ##41, 45. They argue they have circumstances that justify the expenses including the disability of three household members, the realities of raising two teenagers and the realistic effect on regular expenses such as school needs and insurance, and other "life demands" their situation regularly faces.

The hearing on the objection was August 15, 2019. All parties appeared in person with counsel or through counsel. The court asked whether Trustee wished to respond to Debtors' evidence. Trustee declined. The court declared the record "closed." So, the court will decide the issues based on the existing record.

**ANALYSIS**

11 U.S.C. § 1325(b)(1)(B) provides that if a trustee or unsecured creditor objects to confirmation of a chapter 13 plan, the court may not confirm the plan unless all the debtor's "projected disposable income" will be applied to make payments to unsecured creditors. Section 1325(b)(2)(A) states that in calculating "disposable income," the debtor may deduct "amounts

---

[5] Debtors' counsel intermittently references to certain exhibits in his opposition. The exhibits were not filed separately, as required by LBR 9004-2(c). Failure to comply with this rule in the future will result in the motion being denied without prejudice or the opposition being stricken under LBR 9014-1(l).

reasonably necessary to be expended" for maintenance or support of the debtor or a dependent.

For above-median debtors, § 1325(b)(3) states that reasonable and necessary expenses are determined by referring to § 707(b)(2) – the so-called "Means Test." Specifically, § 707(b)(2)(A)(ii)(I) provides:

> The debtor's monthly expenses shall be the debtor's **applicable monthly expense amounts specified under the National Standards and Local Standards**, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides .... 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added).

The means test does not apply to Chapter 13 debtors whose incomes are below the median - those debtors must prove on a case-by-case basis that each claimed expense is reasonably necessary. In cases involving debtors like those here, the court retains discretion to determine the reasonableness of expenses and it is not bound by the amounts set forth by IRS standards. In re Quarterman, 342 B.R. 647 (Bankr. M.D. Fla. 2006).

Trustee argues it is not likely that Congress intended debtors with income below the median to be allowed higher expenses than their above median counterparts. Since "amounts reasonably necessary to be expended" is a subjective standard, Trustee surmises, Congress apparently thought that the IRS standards were a good source to determine reasonableness. Based on "the wisdom of Congress", Trustee compares below median debtor expenses with the National and Local Standards as a

starting point to raise objections to expenses as not reasonably necessary in below median cases.

Here, the court disagrees. "[When] a below median income debtor, seeks to deduct from income a higher expense amount than that of an above median debtor, there is no basis in law or public policy to restrict below median debtors to the same expenses authorized above median income debtors." In re Powers, 554 B.R. 41, 63 (Bankr. N.D.N.Y. 2016); See also, In re Gladwin, No. 10-62276-13; 2011 Bankr. LEXIS 489 at *8-*9 (Bankr. D. Mont. Feb. 9, 2011) [noting even using the IRS standards as a guide in below median cases runs counter to the Supreme Court's Lanning and Ransom decisions holding the means test does not apply to a below median income debtor.]

The debtors' burden to establish all confirmation elements under § 1325(a), including good faith, is beyond reasonable dispute. In re Chinichian, 784 F.2d 1440, 1443-44 (9th Cir. 1986); see also Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994), In re Bassett, 413 B.R. 778, 786 (Bankr. D. Mont. 2009).[6]

But the burden is transient when the issue is available disposable income. "Only the chapter 13 trustee or an allowed unsecured claimant may bring an objection to confirmation raising §1325(b)(1)(B). The objector has the initial burden of proof to show that the debtor is not applying all disposable income to plan payments." In re Lopez, 574 B.R. 159, 171 (Bankr. E.D. Cal. 2017) (citing Itule v. Heath (In re Heath), 182 B.R. 557, 560 - 61 (9th Cir. BAP 1995). The objector has the initial

---

[6] Notably, Trustee has not made a good faith objection to confirmation of Debtors' Plan.

burden of proof to show that the debtor is not applying all disposable income to plan payments. Id. at 560-61. The burden then shifts to the debtor, "as the party with most access to proof on the point, to show . . . that the objection lacks merit." Lopez, 574 B.R. at 171 (citing In re Crompton, 73 B.R. 800, 809 (Bankr. E.D. Pa. 1987) (citation omitted)). The court will now examine the contested categories of expenses.

*Transportation* – Trustee notes the large discrepancy between the "standards" (which are inapplicable as discussed above) and Debtors' expenses. But Trustee is not specific and presents no evidence suggesting Debtors do not need the expense.

Debtors explain they have several cars because in addition to Christy needing transportation to make the daily 46-mile round trip for work, there are other adults in the house who need transportation. Also, there is one teenage driver in the house and another on the cusp since the child is completing driver's training. Debtors do not explain why the teenagers cannot use one vehicle between them, but Trustee has not raised the issue. The teenage drivers explain the large insurance expense. That expense could be minimized if the teenagers did not each drive a vehicle, but Trustee presents no evidence that is a realistic alternative.

Debtors explain the actual need for a high maintenance expense. The vehicles are older and may require additional repairs. The Debtors need some funds in the event an "emergency" repair arises. In the face of no opposing evidence, the court finds the expense reasonable.

*Utilities/home expenses* – Trustee again notes the difference between Debtors' claimed expenses and the standard. While that is an interesting comparison, it is not really evidence except for the fact the standard is what Trustee claims in "above median" cases. Assuming that is relevant evidence, which is doubtful in this case, Debtors have presented persuasive evidence.

The size of the household explains some aspects of the expense.[7] There are natural needs for more utilities with more consumers using one utility source. The pest control and gardening expenses seem reasonable and Trustee does not argue or prove otherwise. The deferred maintenance at their home is unknown. The question is: will the maintenance be needed in the next 36 months? Debtors can always modify the Plan if something unexpected arises, but in the absence of evidence Debtors' estimate is unreasonable, the court finds their estimate reasonable. Debtors are making home warranty insurance payments which are not significant. Debtors also explain the need for higher clothing expenditures including Teofilo's medical condition. The water, sewer, refuse expenses are largely beyond Debtors' control and there is no counter evidence. Debtors also explain the medical and health care expenses and the need to travel for Teofilo's care. The court finds these expenses actual and reasonably necessary.

*Entertainment* – Trustee challenges the $500.00 monthly expense. Trustee asks the Debtors to prove the expense is

---

[7] The Debtors and their counsel reference national standards, census standards or "Table 1400" with no authority either is relevant here.

reasonably necessary for maintenance and support of the Debtors and their dependents.

In support and justification of the entertainment expense, Debtors point to information obtained from the census bureau purporting to show average expenses for a family of 5 plus a family of 2. Doc. #47. Entertainment was suggested to average $642.00 per month. The court is simply unable to find on the evidence presented that the $500.00 per month expense on entertainment reasonably necessary. The Debtors state that the amount is estimated; it is accounted for by expenditures on pets for approximately $150.00 per month, and then $9.99 for Prime Video "or for eating out at a restaurant or from a portion of the Walmart receipts attached as Exhibit K." Exhibit K shows what appears to be debit card entries for pet expenses, teenagers' drivers licenses, and driving school.

The census figures are not proven to be either relevant or applicable in determining "disposable income" for below median debtors. When heads of a family are in bankruptcy is it germane what "the average family" spends on entertainment? Is the "average family" availing themselves of the bankruptcy discharge? So, comparing what an average family may spend on entertainment in a month to what a family in bankruptcy may be allowed to deduct from current income in a month is not the proper standard. The court does not find entertainment expenses are inappropriate. Rather, the court is not persuaded based on the evidence before it that Debtors have met their burden on this expense.

*Childcare and children's education costs* – Trustee says there is no objection if the Debtors demonstrate they pay $150.00 per month in childcare expenses.

Debtors state one of the children has just completed drivers training and the other is in driver's training, the total amount for the two classes is $900.00. If those classes have been paid for, and the court is assuming that they have been, the childcare and children's education and cost expenditure may be overstated. Schedule J states the expense to be $150.00, yet Exhibit J, which pertains to childcare costs, shows that $1,800.00 per year is spent on "school games, winter formal, thest fest, plays, and back to school." Debtor states in the declaration that she spends, on average, about $150.00 per month that "I or my husband pay in cash to watch my youngest child when no other person is available or capable in the household." Debtors have not met their burden in this regard. On the one hand, Debtors' claim $150 per month is what they need to pay for all their children's schooling. On the other hand, the Debtors say they pay about that to a child caregiver monthly. It is therefore unclear what this expenditure represents. Is it just for childcare or also education? Debtors are entitled to claim the expense if it is reasonably necessary for their children's maintenance or support. The court is not convinced the Debtors have met their burden on this expense.

*Contributions to other family* – Trustee questions whether this $80.00 expense is reasonably necessary for the maintenance of the Debtors or their dependents. The court does as well.

The court was given no evidence that the $80.00 contribution to other family members was actual or reasonably necessary for the Debtors and their dependents. The court commends Debtors for their generosity and assistance to Christy's sister, but she is neither a debtor, nor a dependent, and the expense is only for her benefit, not Debtors' nor their dependents. There is no explanation why this is a monthly expense that should be deducted from current income. The Debtors have not met their burden here.

*Charitable contributions* – Trustee states there is no objection if the Debtors give $110 per month and will continue for the next 36 months. No evidence is presented the Debtors will not or have not. The court has already noted the contribution is less than permitted under § 1325(b)(2)(A)(ii).

*Storage Unit* - The court finds that the $117.00 spent on the storage unit is actual and reasonably necessary for the Debtors and their dependents. It is necessary to store extra and unused home goods, so they are not damaged. The goods are largely owned by Teofilo's parents and there is no need or space to store them in Debtors' residence. The storage expense is much less expensive than a larger residence.

*Christy's Continuing Education Expense* – Trustee again wants Debtors' proof this amount has been and will be spent.

Christy is a licensed professional. She needs to comply with continuing education requirements. She also has certifications which have their own continuing education components. Christy is now the only adult working outside the home. Trustee presents no alternative evidence. Debtors have

shown the amount deducted is less than may be spent. The court finds this expense reasonably necessary for the maintenance and support of the Debtors and their dependents.

## CONCLUSION

For the foregoing reasons, Trustee's objection is OVERRULED IN PART and SUSTAINED IN PART. Debtors may file, serve, and set for a hearing a modified plan for confirmation or otherwise present an order confirming Plan signed by Trustee. A separate order will issue.

Dated: Aug 21, 2019

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

12

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__ , via the U.S. mail.

TEOFILO RODRIGUEZ
3350 KELSEY LANE
Madera CA 93637

CHRISTY RODRIGUEZ
3350 KELSEY LANE
Madera CA 93637

Michael H. Meyer
PO Box 28950
Fresno CA 93729-8950

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

Stephen L. Labiak
1222 West Shaw Avenue
Fresno CA 93711